IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROTOLET McGEE | § |
| Petitioner, | § |
| | § |
| VS. | § NO. 3-11-CV-0164-N-BD |
| | § |
| RICK THALER, Director | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division | § |
| Respondent. | § |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Rotolet McGee, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2002, petitioner was convicted of aggravated robbery and sentenced to 45 years confinement.[1] No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte McGee*, WR-65,315-02 (Tex. Crim. App. Dec, 6, 2006), *cert. denied*, 128 S.Ct. 62 (2007). Petitioner then filed this action in federal district court.

---

[1] Petitioner pled guilty to aggravated robbery in 2001, but the trial court deferred an adjudication of guilt and placed him on probation for 10 years. After petitioner violated the conditions of his release, the trial court revoked his probation, found petitioner guilty of the underlying offense, and sentenced him to 45 years confinement.

II.

Petitioner raises two grounds for relief: (1) his conviction and sentence are void because the trial court lacked jurisdiction; and (2) the trial judge did not advise him of the punishment range for the offense before accepting his guilty plea.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on April 25, 2011. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 45 years in prison for aggravated robbery. Judgment was entered on September 6, 2002, and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on October 7, 2002.[2] *See* TEX. R. APP. P. 26.2 (notice of appeal in criminal case must be filed within 30 days after sentence is imposed). Petitioner did not file an application for state post-conviction relief until September 16, 2005 -- nearly *three years* after his conviction became final. The writ was denied on December 6, 2006. Another *five years* passed before petitioner filed this action in federal court on January 21, 2011.

In an attempt to avoid dismissal, petitioner merely reiterates his claim that the trial court lacked jurisdiction over the underlying offense. However, equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citation omitted) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Without a basis for statutory or equitable tolling of the AEDPA limitations period, petitioner's claims are time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

---

[2] The 30th day after judgment was entered fell on Sunday, October 6, 2002. As a result, petitioner had until the following Monday, October 7, 2002, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE