IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROTOLET McGEE                              §
                                          §
            Petitioner,                    §
                                          §
VS.                                       §
                                          §        NO. 3-11-CV-0164-N-BD
RICK THALER, Director                      §
Texas Department of Criminal Justice,      §
Correctional Institutions Division         §
                                          §
            Respondent.                    §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Rotolet McGee, a Texas prisoner, has filed a Rule 60(b) motion for relief from the

final judgment dismissing his application for writ of habeas corpus under 28 U.S.C. § 2254. For the

reasons stated herein, the motion should be denied.

I.

In 2002, petitioner was convicted of aggravated robbery and sentenced to 45 years

confinement. No appeal was taken. Instead, petitioner sought both state and federal habeas relief.

His state writ was denied without written order. *Ex parte McGee*, WR-65,315-02 (Tex. Crim. App.

Dec. 6, 2006), *cert. denied*, 128 S.Ct. 62 (2007). His federal writ was dismissed on limitations

grounds. *McGee v. Thaler*, No. 3-11-CV-1064-N (N.D. Tex. Nov. 1, 2011). Dissatisfied with that

ruling, petitioner now seeks Rule 60(b) relief on the grounds that the state court lacked subject matter

jurisdiction, he received ineffective assistance of counsel, and he is actually innocent -- the same

claims raised in his federal writ. Petitioner also complains that a second or successive state writ,

filed while his federal writ was pending, was not considered on the merits.

II.

A district court may grant relief from a final judgment "[o]n motion and just terms." FED. R. CIV. P. 60(b). These terms include newly discovered evidence, a void judgment, or a judgment that has been reversed or otherwise vacated. *See* FED. R. CIV. P. 60(b)(2), (4) & (5). The court may also set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996).

Assuming *arguendo* that the court has jurisdiction to entertain a Rule 60(b) motion,[1] petitioner has failed to establish any grounds for vacating the judgment dismissing his federal writ. The gravamen of petitioner's motion is that the state court lacked subject matter jurisdiction, he received ineffective assistance of counsel, and he is actually innocent of the crime of conviction. Petitioner also challenges the disposition of a second or successive application for state post-conviction relief filed while his federal writ was pending. However, petitioner does not identify any error made by *this court* in determining that his federal writ is barred by the AEDPA statute of limitations. Under these circumstances, Rule 60(b) relief is not warranted.

---

[1] The Fifth Circuit has repeatedly stated that a Rule 60(b) motion seeking to amend or alter the judgment in a prior habeas case should be construed as a successive petition under 28 U.S.C. § 2244(b). *See, e.g. Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir.), *cert. denied*, 123 S.Ct. 14 (2002); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 2204 (2000). Although a federal district court may entertain a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings," *see Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005), petitioner does not point to any defect in the disposition of his prior federal writ. Instead, he attacks the validity of his underlying criminal conviction. Under these circumstances, the motion is properly construed as a successive habeas petition which cannot be filed without permission from a three-judge panel of the court of appeals. *See* 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Petitioner's Rule 60(b) motion for relief from judgment [Doc. #19] should be denied.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 24, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also asks the court to suspend the rules requiring him to file multiple copies of pleadings. (*See* Doc. #18). The court will permit petitioner to file only the original of his Rule 60(b) motion.